UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:23-cv-01323-MCS-AGR | Date January 9, 2024 |
| Title *Stephens v. Resurgent Capital Services, L.P., et al.* | |

Present: The Honorable Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER ON MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR JUDICIAL NOTICE (ECF NOS. 24, 24-4) (JS-6)

Defendants Resurgent Capital Services, L.P., Cach, LLC, and Gurstel Law Firm filed a motion for summary judgment. (Mot., ECF No. 24.) Plaintiff David Stephens opposed the motion, (Opp'n, ECF No. 25), and Defendants replied, (Reply, ECF No. 27). Defendants additionally filed a request for judicial notice. (RJN, ECF No. 24-4.) The Court heard oral argument on the motion for summary judgment on December 11, 2023.

I.   **REQUEST FOR JUDICIAL NOTICE**

Defendants request that the Court judicially notice eight exhibits attached to its motion for summary judgment. (RJN 1–2.) The exhibits are court documents from state court collection actions against Plaintiff, two of which have been publicly recorded. The Court takes judicial notice of all eight exhibits. *See* Fed. R. Evid. 201(b)–(c); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006); *Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257, 1264 (C.D. Cal. 2010).

## II. BACKGROUND

Citibank and Bank of America opened two credit card accounts (the "Citi Account" and the "Bank of America Account," together the "Accounts") in Plaintiff's name with Plaintiff's billing address. (Plaintiff's Statement of Genuine Disputes of Material Fact ("GDMF") ¶¶ 2, 4, ECF No. 25-2.) Both Accounts were later sold to CACH, LLC. (*Id.* ¶¶ 5, 9.) According to Defendants, a nonparty sent letters to Plaintiff on behalf of CACH with the Accounts' numbers and the amount due on the Accounts. (*Id.* ¶¶ 6, 8, 10.) Upon receiving no response to the letters, Gurstel Law Firm's predecessor filed a collection action on CACH's behalf regarding the Bank of America Account in the Los Angeles County Superior Court naming Stephens as the defendant. (*Id.* ¶ 12.) The superior court entered a judgment in the Bank of America collection action against Stephens in December 2013, (*id.* ¶ 16), which included findings that Stephens was properly served with a copy of the summons and the complaint, that judgment was entered for CACH, and that Stephens must pay CACH its damages, attorney's fees, and costs. (*Id.* ¶ 17; RJN Ex. C.) Gurstel Law Firm's predecessor filed a second collection action on CACH's behalf regarding the Citi Account, naming Stephens as the defendant. (GDMF ¶ 18.) The superior court entered a judgment against Stephens in the Citi Account collection action. (*Id.* ¶ 21; RJN Ex. F.) The judgment found that Stephens was properly served with a copy of the summons and complaint, that judgment was entered for CACH, and that Stephens must pay CACH its damages, attorney's fees, and costs. (GDMF ¶ 22.) As of September 2020, Plaintiff had six default judgments entered against him, resulting in liens against the real property at Plaintiff's address. (*Id.* ¶ 32.) Plaintiff claims to have first learned of the Bank of America collection action, the Citi collection action, the judgments, and the liens against his home in or around July or August 2020. (*Id.* ¶ 31.)

Plaintiff initiated this action against Defendants on January 9, 2023, claiming he is a victim of identity theft with regard to the Accounts. Plaintiff brings several causes of action against Defendants based on their collection of funds on the Accounts. (*See generally* Compl., ECF No. 1-1.) Specifically, Plaintiff alleges (1) Defendants violated the California Identity Theft Act ("CITA"), (2) Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), and (3) Defendants violated the Rosenthal Act. (Compl. ¶¶ 27–42.)
///

## III. LEGAL STANDARD

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing law, the resolution of that fact might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The burden of establishing the absence of a genuine issue of material fact lies with the moving party, *see Celotex*, 477 U.S. at 322–23, and the court must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party, *Scott v. Harris*, 550 U.S. 372, 378 (2007). To meet its burden,

> [t]he moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial.

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000). Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). There is no genuine issue for trial where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. *Id.* at 587.

## IV. ANALYSIS

Defendants argue that Plaintiff cannot prevail as a matter of law because his claims are prohibited by the *Rooker-Feldman* doctrine, collateral estoppel, res judicata, and the statute of limitations. (Mot. 11–21.) Defendants also provide separate reasons why Plaintiff's CITA claims fail. (*Id.* at 21–22.) The Court need only address the *Rooker-Feldman* argument. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 576, 577 (1999) ("[J]urisdiction generally must precede merits in dispositional order . . . .").

Defendants argue all of Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and therefore fail as a matter of law. (Mot. 11–14.) Under the *Rooker-*

*Feldman* doctrine, a federal court may not exercise jurisdiction "over an action explicitly styled as a direct appeal" or "the 'de facto equivalent'" of an appeal from state court. *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) (quoting *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003)). "A federal action constitutes a *de facto* appeal where 'claims raised in the federal court action are "inextricably intertwined" with the state court's decision such that the adjudication of the federal claims would undercut the state ruling . . . .'" *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)). "Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined." *Doe & Assocs. Law Offs. v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001).

In this action, Plaintiff brings a de facto appeal from the state court judgments. Plaintiff does not dispute that he suffered adverse judgments in the state superior court. (GDMF ¶¶ 17, 22.) Those judgments compel him to pay CACH damages, fees, and costs associated with collecting on the Accounts. (RJN Exs. C & F.) To succeed on any of his claims in the present action, this Court necessarily would need to find that the superior court erred when it entered judgment in the Citi and Bank of America collection actions because Plaintiff was not properly served, Plaintiff was the victim of identity theft, Defendants failed to comply with the FDCPA, or an amalgamation of these findings. For example, Plaintiff argues in his opposition that he was unable to raise issues in the collection actions because he was not served. (Opp'n 4.) Accepting Plaintiff's argument necessarily would contravene the state court judgments, which confirm Plaintiff was properly served. (RJN Exs. C & F.) Plaintiff additionally argues his claims are independent from the state court judgments because they "involve collection attempts on accounts created by identity theft and the failure to investigate claims of identity theft." (Opp'n 4.) However, to accept Plaintiff's theory and render a judgment in his favor would effectively require that the Court overrule the judgments insofar as the state court held Plaintiff liable to render payment for debts he incurred in connection with the Accounts. (RJN Exs. C & F; *see, e.g. id.* Ex. A ¶¶ 5, 13; *id.* Ex. D ¶¶ 5, 13.) This is exactly the activity *Rooker-Feldman* prohibits. *See Williams v. Cavalry Portfolios Servs., LLC*, No. SACV 10-00255 JVS (ANx), 2010 WL 2889656, at *3 (C.D. Cal. July 20, 2010) ("By way of default judgment, the state court found that [p]laintiff was properly served and that he is liable for the debt. . . . For this Court to exercise jurisdiction over these claims would be to review and undermine the state-court judgment."); *see also Fleming v. Gordon & Wong Law Grp., P.C.*, 723 F. Supp. 2d 1219, 1223 (N.D. Cal. 2010) ("[T]here is no question that the *Rooker-Feldman* doctrine bars a district

court from reviewing an FDCPA claim that challenges the validity of a debt authorized by a state court judgment.").

Defendants' motion for summary judgment is **GRANTED.** This case was removed from state court. (Notice of Removal, ECF No. 1.) "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Because this Court's subject-matter jurisdiction over the claims is extinguished by the effect of the *Rooker-Feldman* doctrine, remand to the Los Angeles County Superior Court is required. *See Grant v. Unifund CCR Partners*, 577 F. App'x 693, 696 (9th Cir. 2014) (reversing dismissal of claims subject to *Rooker-Feldman* doctrine with instructions to remand). Defendants summarily contest remand without offering authority suggesting the Court can ignore § 1447(c) and resolve other arguments they offer for summary judgment this Court lacks jurisdiction to entertain. (Reply 3.)

The Court declines to exercise jurisdiction under the *Rooker-Feldman* doctrine.

## V.   CONCLUSION

Defendant's motion for summary judgment is **GRANTED.** The case is remanded to the Los Angeles County Superior Court for further proceedings. The Court directs the Clerk to effect the remand immediately and close the case.